Filed 4/10/17 (reposted to correct file date)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B270080 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA057527) |
| v. | |
| CHRISTOPHER JAMES SLOAT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge. Reversed and remanded.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Christopher James Sloat, filed a Penal Code[1] section 1170.18, subdivision (f) petition.  Defendant sought to have his 2002 felony petty theft with a prior conviction (former § 666, Stats. 2000, ch. 135, § 134, p. 1991)) designated a misdemeanor.  At a hearing defendant did not attend and where he was not represented by counsel, the trial court denied the petition.  The trial court impliedly agreed with the prosecutor that defendant was ineligible because the theft was not from an "open commercial business."  This was an apparent reference to section 459.5, subdivision (a), which governs the crime of shoplifting.  Defendant argues, and the Attorney General concedes, defendant is eligible to have his conviction under former section 666 reduced to a misdemeanor.  The Attorney General states:  "[D]efendant was not seeking to have his . . . conviction reduced to misdemeanor shoplifting.  Rather, he sought reduction of his felony petty theft with priors conviction to misdemeanor petty theft. . . .  Unlike shoplifting (§ 459.5[, subd. (a)]), petty theft (§ 490.2[, subd. (a)]) does not require that a defendant enter a commercial establishment during regular business hours."  We agree with the Attorney General's analysis.

---

[1] Further statutory references are to the Penal Code.

The order denying defendant's petition to designate as a misdemeanor his conviction for petty theft with a prior is reversed.  Upon remittitur issuance, the trial court is to reconsider the petition in light of our analysis.

CERTIFIED FOR PUBLICATION


TURNER, P.J.

We concur:


KRIEGLER, J.


BAKER, J.